IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LA MAR GUNN, | : |
| Plaintiff, | : |
| v. | : Civ. No. 13-174-RGA |
| FIRST AMERICAN FINANCIAL CORPORATION and DOUGLAS A. SHACHTMAN, | : |
| Defendants. | : |

La Mar Gunn, Dover, Delaware; Pro Se Plaintiff.

John A. Elzufon and Andrea C. Rodgers, Esquires; Elzufon Austin Reardon Tarlov & Mondell, P.A., Wilmington, Delaware; Counsel for Defendant Douglas A. Shachtman.

**MEMORANDUM OPINION**

June 18, 2013
Wilmington, Delaware

*/s/ Richard G. Andrews*
**ANDREWS, U.S. District Judge:**

Plaintiff La Mar Gunn filed this action alleging violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617; the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, and supplemental state claims for breach of contract and legal malpractice.[1] Gunn alleges that as a result of Defendants' negligence, he has incurred substantial injuries. He appears *pro se* and has been granted leave to proceed *in forma pauperis* (D.I. 7). The Court proceeds to review and screen the Complaint (D.I. 3) pursuant to 28 U.S.C. § 1915(e)(2)(B) and considers the Motion to Dismiss (D.I. 9) filed by Defendant Douglas Shachtman.

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* actions that are frivolous, malicious, or fail to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(i)&(ii). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However,

---

[1] The Complaint does not indicate the sections of RESPA and TILA under which Gunn seeks recovery.

2

before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Gunn leave to amend his Complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the Court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The Court must accept all of the Complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11.

Second, the Court must determine whether the facts alleged in the Complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Fowler*, 578 F.3d at 211. In other words, the Complaint must do more than allege the plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent

3

with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

Because Gunn proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

This is another, in a series of lawsuits, filed by Gunn following the foreclosure of property he purchased that was encumbered by a first mortgage.[2] According to a complaint filed by Gunn in the Court of Common Pleas for New Castle County, Delaware, on April 17, 2006, he refinanced the mortgage on real property located at 201 Cornwell Drive, Bear, Delaware through World Savings Bank, which Wells Fargo acquired through a series of mergers.[3] *See Gunn v. Wells Fargo & Co.*, Civ. No. 10-066 (D.Del.) (D.I. 16 at 2). Gunn alleges that on March 6, 2006, Defendant First American Financial Corporation issued a first lien title insurance policy on the property and that First American represented to him there were no liens on the property. Based

---

[2]To the extent that Gunn seeks review of the numerous rulings in the Delaware Courts, this Court does not have authority to review final judgments of a state court in judicial proceedings under the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine refers to principles set forth by the Supreme Court in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Because the doctrine divests the court of subject matter jurisdiction, it may be raised at any time by the court *sua sponte. Desi's Pizza, Inc. v. City of Wilkes-Barre*, 321 F.3d 411, 420 (3d Cir. 2003), Given Gunn's litigation history, in all likelihood, the claims against First American are barred either by issue or claim preclusion or both.

[3]Wells Fargo removed the case to this Court.

4


upon First American's representation, Gunn "proceeded to incur indebtedness in the form of a $360,000.00 mortgage." (D.I. 3, ¶6).

Gunn received a notice on December 12, 2006 from EQCC Home Equity Loan Trust 1998-2 that it intended "to proceed with foreclosure against the previous owners of the property, Leisa and Robert Johnson." (*Id.*, ¶7). The same day, Gunn contacted his mortgage company, Wells Fargo Mortgage Corporation, to inform it of the alleged cloud on the title to his property.[4] (*Id.*, ¶8). Wells Fargo assured Gunn that the efforts of EQCC were fraudulent and that "he was in a first lien position," and it assured Gunn that it would vigorously defend against any foreclosure by EQCC. (*Id.*).

On May 5, 2008, Wells Fargo advised Gunn that it would be filing a title clam against First American to protect [Gunn's] interest in the mortgage. (*Id.*, ¶9). Wells Fargo rescinded its prior position that it would challenge EQCC and suggested Plaintiff retain counsel. (*Id.*). On December 4, 2008, Plaintiff retained Shachtman to defend the EQCC foreclosure. (*Id.*, ¶10). Plaintiff alleges that "Shachtman failed to request authentication of a counterfeit document file[d] into the court and the local land record." (*Id.*).

Counts one, two, and three are raised against First American and count four is raised against Shachtman. Count one alleges that First American willfully violated RESPA when it misrepresented to Gunn that he was the first lien holder and that there

---

[4]Wells Fargo is not a named defendant. Gunn sought recovery against Wells Fargo in Civ. No. 10-066-SD for alleged violations of the TILA, 15 U.S.C. § 1640, fraud, and that it committed a fraudulent business act of practice within the meaning of Business and Professions Codes. On July 13, 2010, the District Court granted Wells Fargo's motion to dismiss the complaint. *See* Civ. No. 10-066-SD, at D.I. 16.

were no other liens against the property. Count two alleges that First American violated the TILA when it misrepresented to Gunn that there were no existing liens that could compromise his first lien title position. Count three alleges that, because First American was paid to perform a title search and issue title insurance, it breached its contract with Gunn when it produced a report that misrepresented the fact as to the actual chain of title.

Counts one, two, and three are shown by the Complaint to be time-barred.

The statute of limitations is an affirmative defense that generally must be raised by the defendant. *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006). Where the statute of limitations "'defense is obvious from the face of the complaint and no further factual record is required to be developed,'" "'*sua sponte* dismissal is appropriate [under 28 U.S.C. § 1915.]'" *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. 2010) (quoting *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)).

The Complaint does not indicate which sections of the RESPA and TILA that First American allegedly violated, but Gunn seeks money damages. Claims under RESPA and TILA must be brought within one to three years of the alleged violation. *See, e.g.*, 12 U.S.C. § 2614 (RESPA claims brought pursuant to 12 U.S.C. § 2605 must be filed within three years of the violation, and RESPA claims brought pursuant to 12 U.S.C. §§ 2607 or 2608 must be filed within one year of the violation); 15 U.S.C. § 1640(e) (TILA claims for damages must be brought within one year of the date of the occurrence of the violation); 15 U.S.C. § 1635(a) and 12 C.F.R. § 226.23(a)(1) (a claim

6

for rescission under the TILA is barred at the end of the three-year limitations period); *Williams v. Wells Fargo Home Mortg., Inc.*, 410 F. App'x 495, 498 (3d Cir. 2011). Here, the loan at issue was consummated on April 17, 2006. The February 1, 2013 filing of this action clearly exceeds the one or three-year statute of limitations under the RESPA and FILA statutes.[5]

Count three alleges breach of contract. Under Delaware law, the statute of limitations for a breach of contract claim is three years. 10 Del. C. § 8106. The cause of action accrues "at the time of the wrongful act, even if the plaintiff is ignorant of the cause of action." *Wal-Mart Stores, Inc. v. AIG Life Ins. Co.*, 860 A.2d 312, 319 (Del. 2004). Gunn alleges that First American breached its contract with him when, in performing a title search and issuing title insurance, it produced a report that misrepresented the facts as to the actual chain of title. According to the Complaint, First American issued the title insurance on March 6, 2006. The February 1, 2013 filing of this action clearly exceeds the three-year statute of limitations for a breach of contract claim under Delaware law.

---

[5] The Court takes judicial notice of the finding of the Superior Court of the State of Delaware in and for New Castle County that Gunn "knew he was buying a property with a first mortgage, and that he had actual notice that the note and mortgage were in serious default. *United States Bank Ass'n v. Johnson*, 2010 WL 705723, at *3 (Del. Super. Ct. Feb. 25, 2010), *aff'd*, *Gunn v. United States Bank Ass'n*, 998 A.2d 850 (Del. 2010). The Superior Court explained, "knowing the loan was in default and in foreclosure, Gunn purchased [an April 1998 mortgage on the property in issue] in November 2003. On December 16, 2003, Gunn purchased [the property] by quitclaim deed, which he recorded on March 4, 2004." *Id.* at *1. Finally, on November 9, 2004, Gunn claimed ownership of the property and filed a motion to stay the sheriff's sale of the property. *Id.* Thus, the central allegation of the two federal causes of action is clearly contradictory to findings of the state courts. *See* n.2 *supra*.

Count four alleges that Shachtman committed legal malpractice when he failed to require authentication of evidence proffered into the Delaware Land Record and the State Court.[6] Plaintiff alleges that: (1) the assignment of the mortgage to EQCC "is now" known to be counterfeit but that Shachtman accepted it as valid and authentic; and (2) Shachtman allowed EQCC 1998-2 to be substituted for EQCC Home Equity Asset backed Trust 1998-3, and this unauthorized substitution led to Gunn being defrauded of his property by a fictitious entity.

Shachtman moved to dismiss for lack of subject matter jurisdiction for lack of diversity (D.I. 9) pursuant to Fed. R. Civ. P. 12(b)(1). While the parties are not diverse, Gunn raises federal claims and, therefore, this Court has supplemental jurisdiction over any properly-joined state claims. In his reply brief (D.I. 12), Shachtman moves for dismissal on the grounds that the claims against him are separate and distinct from the claims against First American and therefore are not properly joined.

> Person[s] . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). The court finds, as a threshold matter, that the Complaint is, in reality two complaints, each of which is legally unrelated to the other.

---

[6] It may be that the claim is time-barred. It is unclear, however, from the face of the Complaint when the claim accrued. The statute of limitations for legal malpractice actions in Delaware is three years. See 10 Del. C. § 8106; Sammons v. Andersen, 968 A.2d 492 (Del. 2009). The Complaint speaks only to the date that Gunn retained Shachtman.

The only common denominator is the real property at issue.  The Defendants are unrelated.  The Complaint collects a series of distinct claims, involving different parties, and disparate acts which are alleged to have occurred at different times.  The joinder of these plainly different claims against different defendants in a single lawsuit is inappropriate under the rules governing joinder of defendants in federal litigation.  The allegations do not arise out of the same transaction, occurrence or series of transactions or occurrences.

Given the different claims, the Court exercises its discretion and dismisses the claims against Shachtman without prejudice to the filing of a new complaint.  *See Boretsky v. Governor of New Jersey*, 433 F. App'x 73, 77 (3d Cir. 2011).  Finally, because the Court will dismiss all federal claims as time-barred, were the Court to hold that there were supplemental jurisdiction over Schactman, the Court would still decline to exercise supplemental jurisdiction over the state law claim against Shachtman.  28 U.S.C. § 1367(c).  The case is at the pleading stage, and a purely state law case alleging malpractice is better managed by the state courts.

Counts one, two, and three are time-barred and, therefore, they will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  The Court will grant Shachtman's Motion to Dismiss count four for improper joinder (D.I. 9 & 12).  Finally, the Court, in the alternative, will decline to exercise supplemental jurisdiction over the state law claim against Shachtman.

An appropriate order will be entered.