IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LA MAR GUNN, | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 13-174-RGA |
| FIRST AMERICAN FINANCIAL CORPORATION, | : | |
| Defendant. | : | |

La Mar Gunn, Camden Wyoming, Delaware. *Pro Se* Plaintiff.

Seth Andrew Niederman, Esquire, Fox Rothschild LLP, Wilmington, Delaware. Counsel for Defendant.

### MEMORANDUM OPINION

August 7, 2014
Wilmington, Delaware

ANDREWS, U.S. District Judge:

Plaintiff La Mar Gunn filed this action alleging claims based on the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601-17; the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*, and for breach of contract. (D.I. 3, 20). He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 7). On May 30, 2014, the Court granted Defendant's motion to dismiss and gave Plaintiff leave to file a second amended complaint within twenty-one days from the date of the Order. (D.I. 26). He did not do so. Instead, on June 19, 2014, Plaintiff filed the pending Motion to Recuse District Court Judge. (D.I. 27).

Gunn seeks recusal pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455 on the grounds that the undersigned "is biased and prejudiced against the petitioner and for the further reason that he is biased and prejudiced against African American males, and for the further reason that he is biased and prejudiced against *pro se* litigants without the benefit of counsel." (D.I. 27). Gunn posits that disqualification is necessary based upon the undersigned's personal bias and prejudice towards him.

Section 144 provides, "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein." Plaintiff submitted a one paragraph affidavit in support of his motion. The affidavit is narrower in scope than the pleading, swearing that the undersigned "is biased against [Gunn] personally and against any litigant without the benefit of counsel." (D.I. 27 at 7).

As a threshold matter, it is the responsibility of the district judge against whom an affidavit is filed to assess the legal sufficiency of the affidavit. *United States v. Townsend*, 478 F.2d 1072, 1073 (3d Cir. 1973) (stating that the mere filing of an affidavit "does not automatically disqualify a judge"). The United States Court of Appeals for the Third Circuit has held that the challenged judge must determine only the sufficiency of the affidavit, not the truth of the assertions. *Mims v. Shapp*, 541 F.2d 415, 417 (3d Cir. 1976). An affidavit is legally sufficient if the facts alleged therein: (1) are "material" and "stated with particularity," (2) "would convince a reasonable person that a bias exists," and (3) evince bias that "is personal, as opposed to judicial, in nature." *United States v. Thompson*, 483 F.2d 527, 528 (3d Cir. 1973). Here, it is evident that Gunn's allegations of bias consist of subjective conclusions and disagreements with this court's legal rulings in this and other cases wherein Gunn is a party. *See Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1356 (3d Cir. 1990) (holding that, to be legally sufficient, an affidavit must contain more than mere conclusory allegations). Moreover, the Third Circuit has "repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal." *Securacomm Consulting, Inc. v. Securacom, Inc.*, 224 F.3d 273, 278 (3d Cir. 2000). Here, Gunn has not met the requirements of § 144, and his motion for recusal under 28 U.S.C. § 144 will therefore be denied.

Pursuant to 28 U.S.C. § 455(a), a judge is required to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C.

§ 455(a). The test for recusal under § 455(a) is whether a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned," *In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004), not "whether a judge actually harbors bias against a party," *United States v. Kennedy*, 682 F.3d 244, 258 (3d Cir. 2012). Under § 455(b)(1), a judge is required to recuse himself "[w]here he has a personal bias or prejudice concerning a party."

Under either subsection, the bias necessary to require recusal generally "must stem from a source outside of the official proceedings." *Liteky v. United States*, 510 U.S. 540, 554 (1994); *Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 167 (3d Cir. 2004) (beliefs or opinions which merit recusal must involve an extrajudicial factor). Hence, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. Similarly, claims of bias or partiality cannot be based on "expressions of impatience, dissatisfaction, annoyance, [or] even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration - even a stern and short-tempered judge's ordinary efforts at courtroom administration - remain immune." *Id.* at 555-56.

It is evident in reading Gunn's motion that he takes exception to this Court's rulings and this serves as his basis to seek recusal. A reasonable, well-informed observer could not believe that the rulings were based on impartiality, bias, or actual prejudice by the undersigned. Nor do the rulings of the undersigned demonstrate that the undersigned acted in any such manner when ruling in cases wherein Gunn is a

3

party. After careful and deliberate consideration, the undersigned concludes that he has no actual bias or prejudice towards Gunn and that a reasonable, well-informed observer would not question his impartiality. In light of the foregoing standard, and after considering Gunn's assertions, the undersigned concludes that there are no grounds for recusal under 28 U.S.C. § 455.

The Court notes that Gunn did not take the opportunity afforded by the May 30, 2014 order to file a second amended complaint to cure his pleading defects. Gunn's filing of the motion to recuse did not act as a stay of the deadline to file a second amended complaint. The amended complaint was dismissed without prejudice, and Gunn failed to timely file a second amended complaint. Accordingly, the Court will direct that this case be closed.

An appropriate order will be entered.